| | |
|---|---|
| 1 | AARON D. FORD |
|   |   Attorney General |
| 2 | DOUGLAS R. RANDS, Bar No. 3572 |
|   |   Senior Deputy Attorney General |
| 3 | State of Nevada |
|   | 100 N. Carson Street |
| 4 | Carson City, NV 89701-4717 |
|   | Tel: (775) 684-1150 |
| 5 | E-mail: drands@ag.nv.gov |
| 6 | *Attorneys for Defendants,* |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT CSECH,

    Plaintiff,

vs.

McKEE, et al.,

    Defendants.

Case No. 3:19-cv-00288-MMD-CLB

**MOTION FOR EXTENSION OF TIME**

Defendant, Dr. Denise McKee, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Douglas R. Rands, Senior Deputy Attorney General, and by special appearance, (ECF No. 46), hereby requests an extension of time to file the Motion for Summary Judgment which was to be filed on June 21, 2021. (ECF No. 45). This motion is based on the following Memorandum of Points and Authorities, and all papers and pleadings on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

This is a *pro se* prisoner civil rights action brought by inmate Plaintiff Robert Csech, currently housed at Northern Nevada Correctional Center (NNCC), asserting claims arising under 42 U.S.C. § 1983. Plaintiff alleges the following. On February 6, 2019, Plaintiff had an appointment with Dr. McKee for a purple lower arm and hand due to poor blood flow from the heart. (ECF No. 1-1 at 4.) Plaintiff claims his appointment also was for a brain injury and damage and vision loss in his left eye. (Id.) Dr. McKee allegedly told Plaintiff that he was aware of the poor blood flow and the noticeable brain damage. (Id.) Plaintiff claims Dr. McKee then told him that further medical care was needed for

1

treatment. (Id.) Dr. McKee allegedly also said that Plaintiff would have a follow-up appointment with her. (Id.)

Plaintiff claims that following the February 6, 2019 appointment, Plaintiff's arms were "purpling" and he experienced pain on his heart, diminished ability to walk, and loss of more of his eyesight in left eye. (Id.) Plaintiff alleges that Dr. McKee violated his Eighth Amendment and Fourteenth Amendment right against deliberate indifference to serious medical needs. (Id.)

This Court an order that Defendant was to file a Motion for Summary Judgment limited to the issue of exhaustion of administrative remedies by June 21, 2021. (ECF No. 45). In preparation of the Motion for Summary Judgment, it became clear that a declaration would be necessary. However, the declarant was not available on to sign the declaration in a timely manner.

Counsel for the Defense was scheduled for a trial on the stacked Calendar in front of District Judge Du, to begin on the June 7, 2021 stack. That trial, *Burns v. Cox*, 3:18-cv-00231- MMD-WGC is expected to last 2-3 days. Due to a 2-week criminal trial, which was set for that same stack, it was likely that the *Burns* matter would be bumped. Judge Du offered the week of June 21, 2021 as a firm set. The other trials, in that week's stack, were set later in the stack. In order to get the *Burns* matter to trial, and at the request of the client, that offer was accepted. However, Counsel has been preparing for the trial, and did not get the Motion for Summary Judgment completed until this weekend. Counsel respectfully requests an additional seven (7) days to file the Motion for Summary Judgment in this matter. This will allow Counsel to finish and file the Motion after the scheduled jury trial.

Courts have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg, Inc.*, 627 F.3d 402, 404 (citations omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate [] conduct. Id. (citing *Mazzeo v. Gibbons*, No. 2:08–cv01387–RLH–PAL, 2010 WL 3910072, at *2 (D.Nev.2010)).

LR IA 6-1 discusses requests for continuances. The rule states:

> (a) A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted. (Examples: "This is the first stipulation for extension of time to file motions." "This is the third motion to extend time to take discovery.")

This is the first request, and is requested for good cause. Counsel requires the declaration, from a declarant who is not currently available. With trial beginning tomorrow, an additional seven (7) days will allow the parties to properly support this motion. Defendant has no objection to an additional time for Plaintiff to respond to the motion.

Therefore, it is requested that the Defendant have an additional 7 days to file her Motion for Summary Judgment, which would then be due on **June 28, 2021**. This would give Mr. Csech until **July 28, 2021** to file his response, and the Defendant until **August 12, 2021** to file the reply, if any.

DATED this 21st day of June, 2021.

AARON D. FORD
Attorney General

By: /s/ *Douglas R. Rands*
DOUGLAS R. RANDS
Deputy Attorney General
State of Nevada

*Attorneys for Defendants*

iT IS SO ORDERED.

Dated: June 21, 2021

_____
UNITED STATES MAGISTRATE JUDGE

3

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I certify that I am an employee of the Office of the Attorney General, State of Nevada, and |
| 3 | that on this 21st day of June, 2021, I caused to be served, a true and correct copy of the foregoing, |
| 4 | **MOTION FOR EXTENSION OF TIME**, by U.S. District Court CM/ECF Electronic Filing on the |
| 5 | following: |
| 6 | Robert Csech, #51121<br>Northern Nevada Correctional Center |
| 7 | P.O. Box 7000<br>Carson City, NV  89702 |

/s/ Roberta W. Bibee
An employee of the
Office of the Attorney General